IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:19-00193-KD-MU |
| | ) |
| JENNIFER PERRY SIMMONS, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Jennifer Perry Simmons (Simmons') motion (Doc. 515), which is construed as a motion to modify her sentence.

On November 26, 2019, Simmons entered a guilty plea to conspiracy to possess with intent to distribute methamphetamine (Count 1). (Doc. 351). On November 27, 2019, a Report & Recommendation issued regarding Simmons' guilty plea, and was adopted on February 19, 2020. (Docs. 353, 447). On February 21, 2020, Simmons was sentenced to 24 months. The BOP records indicate that Simmons is incarcerated at Aliceville FCI with a listed 8/27/21 release date.

As explained by the Eleventh Circuit in United States v. Phillips, 597 F.3d 1190, 1194-1197 (11th Cir. 2010), "[o]nce a sentence is imposed, the 'authority of a district court to modify an imprisonment sentence is narrowly limited by statute.'" See 18 U.S.C. § 3582(c). "It is well-established that a district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by statute or rule.'" United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). United States v. Johnson, 2020 WL 4214450, *1 (11th Cir. Jul. 23, 2020). See also United States v. Diaz–Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002) (same). As noted in Phillips:

> .....§ 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion[1] and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2). . . . The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35.

(Id. (footnote omitted)).  See also United States v. Catalano, 429 Fed. Appx. 943, 944 (11th Cir. 2011) (same); U.S. v. Barasena-Brito, 374 Fed. Appx. 951, 951-952 (11th Cir. 2010) (same).

Additionally, Rule 35(a) specifies that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). The time limit imposed under Rule 35(a) is jurisdictional. See, e.g., Phillips, 597 F.3d at 1196–1197; Diaz–Clark, 292 F.3d at 1319.

As grounds for Simmons' motion -- and for her sentence to be modified to serving at the Home of Grace rather than at her current facility, she cites no statutory authority, no federal rules, no case law, and no legal support. Moreover, as noted *supra*, Title 18 U.S.C. § 3582(c)(1) and (2) allow a court to modify a term of imprisonment once it has been imposed *but* the limited circumstances identified in that statute do not exist in this action. And notably, Simmons' motion was filed more than 14 days after her February 21, 2020 sentencing. Therefore, Rule 35(a) is not available.  Thus, the Court has no authority to modify Simmons' sentence. Catalano, 2011 WL

---

[1] 18 U.S.C. § 3582(c)(1)(A) was modified by the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 § 603(b). The statute now allows the defendant to file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

2342581, *1 (none of the modification circumstances existed, affirming there was "no authority to reconsider Catalano's sentence[]").

In sum, Simmons has asserted no grounds -- other than simply wishing to be at the Home of Grace rather than incarcerated at her current facility -- to modify her sentence. Even if authority to modify her sentence existed, the Home of Grace is not a prison and there is no indication of any relationship of that treatment center to the BOP such that a federal inmate could be placed there to serve a sentence. Regardless, only the BOP has the authority to decide where an inmate serves her sentence, as set forth in 18 U.S.C. § 3621(b) Place of imprisonment.—"The Bureau of Prisons shall designate the place of the prisoner's imprisonment."

Accordingly, it is **ORDERED** that Simmons' motion (Doc. 515) is **DENIED.**

**DONE** and **ORDERED** this **31st** day of **July 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**